# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-262 |
| | ) | |
| DEONTA YOUNG | ) | |

## ORDER

Defendant Deonta Young's counsel has moved the Court to order a psychological examination to evaluate his competence to stand trial, pursuant to 18 U.S.C. § 4241(a). Doc. 43. The Government does not oppose the motion. Doc. 93. Nevertheless, the Court requires a more substantial showing before it will order such an examination.

Young is one of several defendants in this drug-conspiracy case. *See* doc. 2-2 (Indictment); doc. 43 at 1, ¶ 1. Young's motion states that his father "indicated" to counsel that Young suffers from "a mental defect and does not fully understand what he is charged with." Doc. 43 at 1, ¶ 2. Counsel also volunteers that he "has reasonable cause to believe" that defendant may not be competent to stand trial. *Id*. at 2, ¶ 2. He also asserts that his client "is mentally incompetent to stand trial as a result of a mental disease or defect which impairs his present ability to consult with his lawyer with a reasonable degree of rational

understanding and assist properly in his defense." *Id.* at 3. The motion, he explains, is brought "in good faith as a result of several interviews conducted with" Young. *Id.* While the Court does not doubt counsel's good-faith basis for the motion, more factual support is required.

Section 4241(a) mandates granting a competency examination if *the court* finds "reasonable cause" to doubt a defendant's competency. *Id.* The court may rely on factual assertions in a motion for an evaluation and defense counsel's opinion, but the statute "does not automatically require an order for psychiatric examination on every unsupported suggestion of possible mental problems." *United States v. Geier,* 521 F.2d 597, 600 (6th Cir. 1975); *see also United States v. Zavesky*, 839 F.3d 688, 693 (8th Cir. 2016) ("Defendant's counsel's opinion on competency should receive significant weight since counsel, perhaps more than any other party or the court, is in a position to evaluate a defendant's ability to understand the proceedings." (quotes and cite omitted)); *United States v. Crosby*, 739 F.2d 1542, 1546 (11th Cir. 1984) (noting that former Fifth Circuit relied upon "the bare factual statements of the motion [for a competency evaluation] itself, which *alone were sufficient* to constitute

reasonable cause" to question defendant's competency (emphasis added) (quotes and cite omitted)).

The assertions made in Young's motion are simply not assertions of fact, they are statements of conclusions and hearsay. The Court accepts the likelihood that there are factual observations behind Young's father's and counsel's concerns with his competency, but they are not presented in the motion. Counsel is, therefore, **DIRECTED** to supplement his motion within 14 days from the date of this Order and provide the facts motivating the stated concerns for defendant's competency.

**SO ORDERED,** this <u>9th</u> day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA